Docusign Envelope ID: 77CBA3A4-D3F9-4D9A-9384-00C2A409D377

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC LANEY, for himself and on behalf of those similarly situated | : : : | CIVIL ACTION |
| Plaintiff, | : : | |
| v. | : : : : : | CASE NO: 2:24-cv-04188 <br><br> CLASS AND COLLECTIVE ACTION PURSUANT TO 29 U.S.C. §216(b) and FED. R. CIV. P. 23 |
| BUCKLEY CABLE CONSTRUCTION CO. | : : : | JURY TRIAL DEMANDED |
| Defendant. | : | |

### VERIFIED COMPLAINT – CLASS/COLLECTIVE ACTION

Plaintiff, Eric Laney, brings this class action on for of himself and on behalf of a putative class of similarly situated persons, by and through undersigned counsel, and files this Complaint against Defendant, Buckley Cable Construction Co., to recover from Defendant overtime pay as required by Fair Labor Standards Act ("FLSA") and for violations of the Pennsylvania Minimum Wage Act of 1968 ("PMWA"), 43 P.S. §333.101, *et seq*. Plaintiff asserts his PMWA as a class action under Rule 23 of the Federal Rules of Civil Procedure. In support thereof, Plaintiff avers as follows:

### PARTIES

1. Plaintiff, Eric Laney, (hereinafter "Plaintiff" or "Mr. Laney") is an adult individual residing in Florida.

2. Defendant, Buckley Cable Construction Co., (hereinafter "Defendant" or "Buckley") is a Pennsylvania domestic business corporation which has a principal place of business at 3601 W. 9th Street, Trainer, PA 19061.

3. At all times material hereto, Defendant was, and continues to be, "an enterprise

engaged in commerce," and an enterprise engaged in the "handling, selling, or otherwise working on goods and materials that have been moved in or produced for commence by any person" within the meaning of FLSA.

4. Based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000.00 per annum during the relevant time periods.

5. At all times material hereto, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as telephones and computers, which were used directly in furtherance of Defendant's business.

6. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant.

## JURISDICTION AND VENUE

7. Defendant is a full-service cable and fiber optic construction company located in Trainer, Pennsylvania.

8. Venue is proper in this Court as the Defendant is headquartered in Delaware County, Pennsylvania.

9. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

10. This Court has supplemental jurisdiction over Plaintiff's PMWA pursuant to 28 U.S.C. § 1367(a) because Plaintiff's PMWA claim forms a part of the same case or controversy and arises out of a common nucleus of operative facts as his FLSA overtime claim.

11. Plaintiff is an employee covered by the PMWA and the FLSA.

12. Defendant is an employer covered by the record-keeping, minimum wage, wage

payment and overtime pay mandates of the PMWA and FLSA.

## FACTS

13. Defendant is a full-service cable and fiber optic construction company providing services such as aerial construction, underground construction, general maintenance, engineering, design, utility locating and management. *See* excerpt from Defendant's website attached as **Exhibit A**.

14. "Over time and with years of hard work Buckley Cable Construction grew into one of the most well respected contractors in the industry and continues to work on many large scale projects across the country." *See* excerpt from Defendant's website attached as **Exhibit B**.

15. On or about May 2023, Defendant hired Plaintiff to work as an employee, and specifically as an Lineman/Foreman.

16. Whether given the title of "Lineman" or "Foreman" similar employees of Defendant performed line installation and technician duties on behalf of Defendant and its customers.

17. Defendant paid Plaintiff on an hourly rate and/or piece rate in exchange for the work performed.

18. Plaintiff worked over forty hours in one or more workweeks in the three years before the Complaint in this matter was filed.

19. When Plaintiff worked in excess of forty hours in a workweek, he was not paid proper overtime premiums for all of his overtime hours worked.

20. Defendant failed to include Plaintiff's piecework pay in the regular rate of pay for purposes of calculating Plaintiff's overtime pay.

21. As a result, Plaintiff did not receive proper overtime premium pay.

22. Plaintiff was entitled to be paid overtime premiums at time and one half his regular rate of pay, for all hours worked in excess of forty in a workweek.

23. Plaintiff was entitled to be paid proper overtime for all hours worked in excess of forty hours per week.

24. Upon information and belief, including in Plaintiff's experience, Defendant's other Lineman/Foreman employees worked over forty hours in one or more workweeks without receiving proper overtime pay, due to Defendant's failure to pay overtime premiums related to piecework pay, and/or to factor piecework payments into the regular rate of pay.

25. Defendant's violations of the FLSA and PMWA were willful, as Defendant knew, or with reasonable diligence should have known, that Plaintiff and those similarly situated were working overtime hours, and that overtime premiums were due to Plaintiff, and to its other employees related to their piecework hours and pay.

## CLASS/COLLECTIVE ALLEGATIONS

26. Plaintiff incorporates all previous paragraphs and alleges that the illegal pay practices Defendant imposed on Plaintiff were likewise imposed on Defendant's other Lineman/Foreman employees.

27. Plaintiff brings his PMWA and FLSA claims for unpaid overtime on behalf of

> All Lineman/Foreman employees of Defendant who, during any time within the three years before the filing of this Complaint in this matter was subject to Defendant's policy pursuant to which they: (1) were paid an hourly rate and/or piecework pay; and (2) were not paid proper overtime premiums.

28. Upon information and belief, the class includes over 500 individuals, all of whom are readily ascertainable based on Defendant's payroll records and are so numerous that joinder of

4

all class members is impracticable.

29. Based on his personal observations during his time working for Defendant, Plaintiff is aware that the illegal practices described herein were applied to Defendant's Lineman/Foreman employees during the time he was employed by Defendant.

30. Plaintiff and other employees he seeks to represent were all paid an hourly rate and/or piecework pay in exchange for lineman/foreman duties on behalf of Defendant and Defendant's customers.

31. Defendant's failure to pay overtime compensation at the rates required by the FLSA and PMWA are the product of generally applicable, systematic policies and practices which are not dependent on the circumstances of each individual employee.

32. Because he was subject to common policies and practices while working for Defendant, Plaintiff's experiences, and the violations to which he was subject are typical of those experienced by employees who were also subject to Defendant's policy of failing to pay overtime premiums related to such employees' piecework pay and hours.

33. The specific job titles or precise job locations of the other employees subject to the policy described does not prevent class or collective treatment, because they were subject to a common payroll policy which, on its face, is unlawful.

34. Plaintiff has no interests contrary to, or in conflict with, the members of the class of individuals he seeks to represent. Rather, Plaintiff has an interest in obtaining all monies owed under the FLSA and PMWA.

35. A class and collective action, such as the instant one, is superior to other available means to achieve efficient and fair resolution of this action.

36. Absent this litigation, those Plaintiff seeks to represent likely will not obtain any

5

remedy for their injuries, and Defendant will receive an improper benefit, even though it engaged in systematic and egregious violations of the FLSA and PMWA.

37. Furthermore, even in the event that other putative class members sought to litigate this matter, such duplicative litigation would be inefficient, and would pose an undue burden to the already strained resources of this Court.

38. Litigating this matter as a class action promotes judicial economy.

39. Questions of law and fact common to those Plaintiff seeks to represent predominate over any questions affecting only particular individuals. Such common questions of law and fact include, but are not limited to:

    a. Whether Defendant employed these employees within the meaning of the FLSA and PMWA;

    b. Whether Defendant is an employer under the FLSA and PMWA;

    c. Whether the employees were improperly denied overtime premiums for hours worked over forty;

    d. Whether the violation of the FLSA was willful; and

    e. Whether unpaid non-overtime hours in overtime weeks are recoverable under the FLSA or PMWA.

40. Plaintiff is a class member: his claims are typical of the claims of other class members, and Defendant's corresponding defenses are typical of the claims or defenses applicable to the class members because, among other things, and all claims arise from on the same legal theories and remedies. Further, the allegations made by Plaintiff—namely, that Defendant violated the PMWA's and FLSA's compensation provisions by failing to compensate

6

proper overtime pay for hours over forty, align sufficiently with the interests of other class members so that Plaintiff's pursuit of his interests will benefit all class members.

41. There are no litigation management issues which preclude or hinder the ability of this matter to proceed as a collective or class action.

42. While the amount of damages may vary to some degree between members of the class or collective, the facts establishing liability are common. Moreover, calculations as to damages will be largely a matter of mathematical calculation once each class member's work dates are known. Therefore, this issue does not affect the ability of this matter to proceed as a class or collective.

43. Plaintiff will fairly and adequately assert and protect the interests of all class members because among other things:

    (a) Plaintiff is represented by experienced counsel who is well-prepared to vigorously and competently litigate this action on behalf of the class members;

    (b) Plaintiff and his counsel are free of any conflicts of interest that prevent them from pursuing this action on behalf of the class members; and

    (c) The putative class members' interests will not be harmed because counsel for Plaintiff has adequate financial resources to prosecute this litigation properly.

44. Class certification is appropriate under Pennsylvania Rules of Civil Procedure because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

## COUNT I
## CLAIM FOR OVERTIME UNDER THE PMWA

45. Plaintiff incorporates by reference Paragraphs 1-44, above, as if fully set forth herein.

46. Defendant is an employer covered by the PMWA

47. Pursuant to the PMWA, employees who are not exempt from the overtime provisions of the law are entitled to compensation at the rate of one and one-half times their regular rate for all hours worked over 40 in any workweek. See 43 P.S. § 333.104.

48. Plaintiff and the class he seeks to represent were subject to common pay policies, pursuant to which their rights to be paid proper overtime premiums, and for all hours worked in weeks in which they worked overtime hours, were violated.

49. Defendant failed to pay proper overtime premiums as required by law to Plaintiff and all other individuals who within three years from the date the initial Complaint in this matter was filed: (1) were paid an hourly rate and/or piecework pay, and (2) worked over forty hours in one or more workweeks without receiving proper overtime premiums related to their piecework hours and pay.

50. The PMWA provides that any employer who violates the provisions of Section 207 of the law shall be liable to the employee affected in the amount of his unpaid overtime compensation, together with costs and such reasonable attorney's fees incurred. See 43 P.S. § 333.113.

## COUNT II
## RECOVERY OF OVERTIME COMPENSATION UNDER THE FLSA

51. Plaintiff incorporates by reference Paragraphs 1-44, above, as if fully set forth herein.

52. Throughout his employment, Plaintiff worked in excess of forty (40) hours in many

workweeks.

53. Plaintiff was not compensated at the statutory rate of one and one-half times his regular rate of pay for all hours in excess of forty (40) worked in each workweek.

54. Plaintiff was, and is, entitled to be paid at the statutory rate of one and one-half times his regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

55. Those similarly situated to Plaintiff also were not paid proper overtime premiums for hours over forty in a workweek, due to Defendant's failure to pay overtime premiums related to their piecework hours and pay.

56. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by its failure to compensate Plaintiff, and the putative class, at the statutory rate of one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours per week when it knew, or reasonably should have known, that such was, and is, due.

57. Defendant failed to properly disclose or apprise Plaintiff, and putative class of similarly situated persons, of their rights under the FLSA.

58. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff, and the putative class of similarly situated persons, suffered and continue to suffer damages and lost compensation for time worked over forty (40) hours in multiple workweeks, as well as full payment for regular wages in weeks in which overtime is owed, plus liquidated damages.

59. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Eric Laney on behalf of himself and other members of the

class/collective, seek the following relief:

    A. An Order certifying the matter as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b), allowing the collective members 60 days to assert FLSA claims in this Action by filing Consents to Join the Action pursuant to 29 U.S.C. § 216(b);

    B. An Order requiring Defendant to provide contact information for members of the class/collective sufficient to send the notice described in paragraph A., above.

    C. finding Defendant liable to Plaintiff and those similarly situated for unpaid wages under Section 16(b) of the FLSA and the PMWA, as well as for liquidated damages equal in amount to their unpaid compensation under the FLSA;

    D. designating a class under the PMWA pursuant to Fed. R. Civ. P. 23;

    E. appointing Plaintiff as the Lead Plaintiff and his counsel as Class Counsel to represent the interests of the both the FLSA and PMWA class/collective actions;

    F. An Order awarding unpaid overtime wages (including wages for all regular hours worked in weeks in which overtime is due);

    G. An Order awarding Prejudgment interest to the extent not duplicative of liquidated damages awarded;

    H. An Order awarding liquidated damages and penalties;

    I. An Order awarding litigation costs, expenses, and attorney's fees; and

    J. Such other relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable as a matter of right.

Respectfully submitted this 14th day of August, 2024.

        Respectfully submitted,

        */s/ Angeli Murthy*
        Angeli Murthy, Esq.
        PA Bar No.: 93699
        MORGAN & MORGAN, P.A.
        8151 Peters Road, Suite 4000
        Plantation, FL 33324
        Phone: (954) 327-5369

Fax: 954-327-3016
E-mail: amurthy@forthepeople.com
*Trial Counsel for Plaintiff*

*/s/ Kimberly De Arcangelis*
Kimberly De Arcangelis, Esq.
MORGAN & MORGAN, P.A.
20 N. Orange Ave., 15th Floor
Orlando, FL 32801
Phone: (407) 237-2281
Fax: 407-245-3383
E-mail: KimD@forthepeople.com
*(Pro Hac Vice Forthcoming)*

## 28 U.S.C. § 1746 Declaration Under Penalty of Perjury

I, ERIC LANEY, declare under penalty of perjury that the foregoing is true and correct.

DATED this 12 day of August, 2024.

_____
ERIC LANEY